IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL WIETHORN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0896-L |
| | § | |
| SHERIFF LUPE VALDEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Carl Weithorn, a former inmate in the Dallas County Jail, against Sheriff Lupe Valdez. On May 18, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on June 12, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

In January 2007, plaintiff was booked into the Dallas County Jail on unspecified criminal charges. Shortly thereafter, plaintiff began to experience constipation. Although he requested medical treatment on multiple occasions, plaintiff never saw a doctor or received medication to alleviate his symptoms. Instead, plaintiff was examined by a jail nurse who checked his blood pressure and temperature. For the next five weeks, plaintiff suffered abdominal pains and had difficulty sleeping. It was not until plaintiff was transferred to the TDCJ in March 2007 that he finally received treatment for his constipation. By this suit, plaintiff seeks $30,000 in actual damages and $100,000 in punitive damages as a result of the failure to receive adequate medical care while incarcerated in the Dallas County jail.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>  (1) is frivolous or malicious;
>
>  (2) fails to state a claim upon which relief can be granted; or
>
>  (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that Dallas County jail officials ignored his frequent complaints of constipation over a five-week period. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation, plaintiff must show that the defendants acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Assuming plaintiff can establish deliberate indifference, this claim still fails as a matter of law. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The

injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). When asked if he suffered any physical injury as a result of the lack of medical attention for his constipation, plaintiff responded, "NA." (*Spears* Quest. #5). The only evidence of physical injury anywhere in the record is plaintiff's allegation that he suffered "ongoing pain for approximately one month" and pulled a stomach muscle from straining to have a bowel movement. (*See Spears* Quest. #4). Such symptoms are insufficient to establish "physical injury" under the PLRA. *See Canell v. Multnomah County*, 141 F.Supp.2d 1046, 1054 (D. Or. 2001) (symptoms related to constipation held insufficient to constitute physical injury under PLRA); *see also Jeansonne v. Richland Parish Detention Center*, No. 07-0405, 2007 WL 1537616 at *6 (W.D. La. Apr. 11, 2007) (pulled muscle is *de minimis* injury); *Morgan v. Dallas County Sheriff Dept.*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation of "undue pain . . . on a regular basis" insufficient to establish physical injury).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 14, 2007.

                                                                                JEFF KAPLAN
                                                                                UNITED STATES MAGISTRATE JUDGE